MOHAMMAD AL-HADDAD,            )
                              )
        Plaintiff/Appellee,   )
                              )    Appeal No.
                              )    01-A-01-9608-CV-00369
VS.                           )
                              )    Williamson Circuit
                              )    No. 95165 and 95166
WALTER RITTER AND WIFE,       )
HELMA RITTER,                 )
                              )
        Defendants/Appellants. )

FILED

February 5, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

THE HONORABLE DONALD P. HARRIS, JUDGE


LAWRENCE WILSON
2400 Crestmoor Road Suite 314
Nashville, Tennessee 37215
        Attorney for Plaintiff/Appellee

WILLIAM CARTER CONWAY
236 Court Square, Suite 205
Franklin, Tennessee 37064
        Attorney for Defendants/Appellants


REVERSED AND REMANDED


BEN H. CANTRELL, JUDGE


CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

Pursuant to Rule 11, Tenn. R. Civ. P., the trial court sanctioned the appellants and their attorneys. The appellants argue on appeal that they cannot be sanctioned under Rule 11 because they did not sign the offending pleading and that the facts do not establish a violation of the rule. We hold that a party may be sanctioned under Rule 11 without actually signing the pleadings, but we find that the facts of this case do not justify a Rule 11 sanction and that the proof fails to show any expenses incurred as a result of the alleged violation. Therefore we reverse the judgment against the appellants for sanctions.

## I.

The appellants, Walter Ritter and Helma Ritter employed Mohammed Al-Haddad to install tile in three bathrooms at the their home. The Ritters refused to pay because of alleged defects in the workmanship. Mr. Al-Haddad sued the Ritters in General Sessions Court and obtained a default judgment for $3,445.

The Ritters appealed the judgment to the Circuit Court. In a separate complaint they sued Mr. Al-Haddad for faulty workmanship and specifically charged that Mr. Al-Haddad's agent flushed tile grout down two bathroom drains where it hardened and did $8,000 worth of damage to the drainage pipes. The two actions were consolidated for trial before a six person jury.

The jury returned a verdict against Mr. and Mrs. Ritter for $3,000. Mr. Al-Haddad then moved for sanctions against the Ritters under Rule 11 alleging that in defending his claim and in pursuing their counterclaim, the Ritters did so without a factual or legal basis and solely to hinder and delay Mr. Al-Haddad's claim. The trial

judge granted the motion and assessed costs of $3,000 against the Ritters and $1500 against their attorneys.

Only the Ritters have appealed.

## II.

Rule 11 requires that every pleading, written motion, and other paper shall be signed by an attorney of record or by the party if he or she is not represented by an attorney. Rule 11.01. The signature amounts to a certification that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1)    it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> . . . .
>
> (3)    The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

Rule 11.02.

Not only is the signature a certification of the foregoing facts, but anyone who presents the pleading, written motion, or other paper to the court "whether by signing, filing, submitting, or later advocating" it makes the same representation. *Id.* Thus, anyone who "advocates" a pleading certifies that the pleading is not filed to harass or delay and that a reasonable inquiry has been made to discover the facts alleged. A non-signing party, therefore, falls under the provisions of Rule 11.

## III.

The trial judge made the following findings in a memorandum issued on the Rule 11 motion:

> In this case, complainant filed suit in the General Sessions Court for $3,445.00 in labor and materials supplied in the construction of defendants' home. At their attorney's suggestion, defendants allowed a judgment by default be entered against them. This judgment was appealed and defendants brought a countersuit for $9,000.00. As specified in the counter complaint, $1,000 was being sought for labor and materials required to complete the tile work complainant had been hired to perform and $8,000.00 was being sought for the costs of repair for damages caused by complainant or his agent to the pipes in defendants' home. At trial, there was proof that some grout had been poured into two bathroom drains. The grout had hardened and the drains had become blocked.
>
> Defendants assert they were given a bid of $8,000.00 to replace all the pipes under their house. There was no evidence, however, that all the pipes had been damaged. The plugged drain traps had been replaced at a cost of $35.00 and the plumbing system seemed to function properly. Moreover, the grout that had clogged the two drain traps was not of the type used by the complainant. Clearly, the attorneys for plaintiffs should have discovered that the damage to the defendants' plumbing had been corrected at a cost of $35.00 and there was no apparent basis for alleging further damage. The court is of the opinion the countersuit was brought to harass, delay and increase the costs of litigation for the complainant.

The court concluded that by claiming damages amounting to $8,000 to their drain pipes, when the damage had been repaired for $35.00 the Ritters had violated Rule 11.

The test to be applied in Rule 11 cases is objective reasonableness under all the circumstances. *Andrews v. Bible*, 812 S.W.2d 284 (Tenn. 1991). Mrs. Ritter testified in her affidavit that she saw Mr. Al-Haddad's workman pour grout into the drain; that she had to pay a plumber to unstop two drains; that the plumber could not be sure that there would be no further problems throughout the house; that another drain cleaner advised her that to be sure the drain problem would not show up it would be necessary to replace all the drain pipes under her house at a cost of

$8,000. The second plumber did not testify at the trial but his estimate is in the record.

From an objective standpoint, we think Mrs. Ritter was justified in making the $8,000 claim. When her attorney filed the complaint, she knew that two drains had been plugged with grout and there remained a possibility that the entire drain system might have to be replaced. Since hindsight cannot be used to establish liability in Rule 11 cases, *Andrews v. Bible*, 812 S.W.2d 284 (Tenn. 1991), Mrs. Ritter's conduct passes the test of objective reasonableness.

Turning to the question of the amount of the sanction, it is important to note that the $8,000 claim was only one part of the Ritter's complaint. The other part was a claim for $1,000 for faulty workmanship in laying the tile. There is no question that a genuine dispute existed between the Ritters and Mr. Al-Haddad, a dispute that was destined to be tried. Therefore, we think it would be hard to find any extra expenses incurred in litigating whether the grout poured in the drains caused damages of $35 or $8,000. The affidavits of Mr. Al-Haddad and his counsel do not attempt to attribute any of their expenses to the $8,000 claim. Therefore, the evidence preponderates against the Rule 11 sanction imposed by the trial judge.

The judgment imposing Rule 11 sanctions is reversed and the cause is remanded to the Circuit Court of Williamson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE

- 5 -

_____
WILLIAM C. KOCH, JR., JUDGE